BARRY A. KNOPF
ANDREW R. MACKLIN
**COHN LIFLAND PEARLMAN**
 **HERRMANN & KNOPF LLP**
Park 80 Plaza West-One
250 Pehle Ave., Suite 401
Saddle Brook, NJ 07663
bak@njlawfirm.com
arm@njlawfirm.com
*Attorneys for Plaintiffs*

*[Additional Counsel listed on signature page.]*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JERRY LANDRY and JOEY HAYNES, individually and on behalf of all persons similarly situated, | : : : | Civil Action No.: |
| | : | CLASS ACTION COMPLAINT |
| Plaintiffs, | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| WAL-MART STORES, INC., | : | **COMPLAINT** |
| | : | |
| Defendant. | : | |
| | : | |

Plaintiffs Jerry Landry and Joey Haynes, ("Plaintiffs"), individually and on behalf of all persons similarly situated, through their undersigned counsel, file this Class Action Complaint ("Complaint") against Defendant Wal-Mart Stores, Inc. ("Walmart" or "Defendant"). The following allegations are based on personal knowledge as to Plaintiffs' own conduct and on information and belief as to the acts of others.

## INTRODUCTION

1.      Plaintiffs bring this case as a class action against Defendant under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, on behalf of themselves and all other similarly situated employment applicants who were denied employment at Walmart based on information contained in criminal background reports without Walmart first providing the applicants with: (a) a clear, conspicuous, and stand-alone disclosure and authorization form prior to obtaining the background report from a consumer reporting agency ("CRA"); (b) a pre-adverse action disclosure that included a copy of the applicant's background report obtained from the CRA and a description in writing of the applicant's rights under the FCRA; and (c) a pre-adverse action opportunity to dispute the accuracy of the reported information.  Plaintiffs seek monetary damages and other relief under the FCRA.

## JURISDICTION AND VENUE

2.      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

4.      Plaintiff Jerry Landry ("Landry") resides at 31 Corbin Ave., Jersey City, New Jersey 07306.

5.      Plaintiff Joey Haynes ("Haynes") resides in Austin, Texas.

6.      Defendant Wal-Mart Stores, Inc. ("Walmart" or "Defendant") is a Delaware

2

corporation with stores throughout the United States. Walmart's corporate headquarters are located in Arkansas. Walmart operates retail stores doing business as Wal-Mart, Wal-Mart Supercenters, and Sam's Club Stores.

## STATEMENT OF FACTS

### Plaintiff Landry

7.     In or around June 2010, Landry applied online for a position at a Wal-Mart store in Secaucus, New Jersey.

8.     As part of his online job application, there was a box indicating that Walmart could obtain additional background information about Landry.

9.     A week later, Defendant invited Landry to come to Walmart for an in-person interview.

10.     While at Walmart for his in-person interview, Landry filled out an additional employment application.

11.     After the interview, Defendant informed Landry that he would be hired if he passed a drug test. Landry submitted to a urinalysis drug test the following day.

12.     Several weeks after his in-person interview, Landry received a letter from Walmart stating that he would not be hired based upon the results of his background report.

13.     Enclosed with the letter was a copy of Landry's background report.

14.     Landry did not receive a copy of his background report prior to receiving Walmart's decision that he would not be hired, nor did he receive any written disclosures describing his rights under the FCRA before Defendant took adverse action.

15.     Landry was not given an opportunity to dispute the accuracy of the information provided in the background report prior to Walmart's decision not to hire him based on information contained in the report.

### Plaintiff Haynes

16.     In or around June 2011, Haynes applied in-person for a position at a Walmart store in Austin, Texas.

17.     As part of his job application, there was a box indicating that Walmart could obtain additional background information about Haynes.

18.     Several days later, Defendant invited Haynes to come to Walmart for an in-person interview.

19.     After two in-person interviews, Defendant informed Haynes that he would be hired if he passed a drug test and a background check. Haynes submitted to a urinalysis drug test.

20.     Several days after his in-person interview, Haynes called Walmart to inquire about the status of his application. Defendant informed Haynes that he had passed the drug test, however, Defendant could not make a hiring decision until it received the results from Haynes's background report.

21.     Several days later, Haynes called Walmart again to inquire about the status of his application. Defendant informed Haynes that he would not be hired based upon the results of his background report.

22.     Haynes did not receive a letter from Walmart enclosing a copy of his background report, nor did he receive any written disclosures describing his rights under the FCRA before

4

Defendant took adverse action.

23.     Haynes was not given an opportunity to dispute the accuracy of the information provided in the background report prior to Walmart's decision not to hire him based on information contained in the report.

## Requirements of the Fair Credit Reporting Act ("FCRA")

24.     Pursuant to 15 U.S.C. § 1681b(b)(2)(A), employers may not "procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless: (a) a clear and conspicuous disclosure has been made in writing to the consumer" before the report is obtained, "in a document that consists solely of the disclosure;" and (b) the consumer has authorized in writing that the report may be obtained for employment purposes.

25.     Pursuant to 15 U.S.C. § 1681b(b)(3), the FCRA requires that prior to taking any adverse action against an employment applicant based on information contained in a consumer report obtained from a CRA, an employer must provide the employment applicant with: (a) a pre-adverse action disclosure that includes a copy of the applicant's consumer report obtained from the CRA and a description in writing of the applicant's rights under the FCRA; and (b) a pre-adverse action opportunity to dispute the accuracy of the reported information before any adverse action is taken.

26.     Pursuant to 15 U.S.C. § 1681a(c) and (h), the definition of a "consumer" includes an individual who is a job applicant or an employee.  Pursuant to 15 U.S.C. § 1681a(d), the definition of a "consumer report" includes a criminal background check used for employment purposes.  Pursuant to 15 U.S.C. § 1681a(k), the definition of "adverse action" includes "a denial

5

of employment or any other decision for employment purposes that adversely affects any current or prospective employee."

27.    Upon information and belief, Walmart has a nationwide policy or practice of requesting that CRAs provide it with consumer reports containing criminal background information on employment applicants and of taking adverse employment action based on information contained in those reports without providing employment applicants with: (a) a clear, conspicuous, and stand-alone disclosure and authorization from applicants prior to obtaining the background report from a CRA; (b) a pre-adverse action disclosure which includes a copy of the applicant's background report obtained from the CRA and a description in writing of the applicant's rights under the FCRA; and (c) a pre-adverse action opportunity to dispute the accuracy of the reported information.

### Defendant Acted Willfully

28.    Defendant knew or should have known about its legal obligations under the FCRA.    These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission.    Defendant obtained or had available substantial written materials which informed it of its duties under the FCRA.    Any reasonable employer knows about or can easily discover these requirements.

29.    Furthermore, Defendant was explicitly informed of its obligations in a recent lawsuit filed against it for violations of the FCRA.    Similar to the Plaintiffs in this case, *Beverly v. Wal-Mart Stores, Inc.* involved a plaintiff who applied to work at Walmart. *Beverly v. Wal-Mart Stores, Inc.*, No. 3:07CV469, 2008 WL 149032, at *1 (E.D. Va. Jan. 11, 2008).    After the plaintiff's interview, Beverly was offered the position contingent upon passing a background

6

check. *Id.* Walmart received a background report from a CRA showing that Beverly had a criminal conviction. Unlike the Plaintiffs in this case, Walmart sent a pre-adverse action letter to Beverly on September 1, 2005. Walmart sent an adverse action letter on September 6, 2005. However, Beverly received the pre-adverse action letter and the adverse action letter on the same day, September 7, 2005. *Id.* The court found, in its ruling on a motion for summary judgment, that Walmart violated § 1681b(b)(3)(A) because Beverly did not receive the pre-adverse action letter before the adverse action letter. *Id.* at *3.

30.     In 2009, Walmart and its agents settled the *Beverly* class action. Dkt. No. 80 (Plaintiffs' Memorandum In Support Of Motion For Final Approval Of Class Settlement And Award Of Attorneys' Fees); Dkt.83 (Order Granting Final Approval Of Settlement And Dismissing Claims With Prejudice). Walmart, by and through its agent and in conjunction with the applicable CRA, ChoicePoint, agreed to "conform its business practices so that the mailing of Adverse Action Notices on behalf of its customers shall occur no earlier than five business days after the mailing of the Preadverse Action Notices." Dkt. 55 (Joint Motion For Settlement, Exhibit F Consent Order); Dkt. 59 (Order Granting Preliminary Approval Of Settlement).

31.     Despite knowing of these legal obligations, Defendant acted knowingly, willfully and consciously in breaching its duties and depriving Plaintiffs and other members of the Class of their rights under the FCRA.

32.     In comparison to *Beverly*, the FCRA violations here are much more glaring: Defendant failed to provide any pre-adverse action disclosures to Plaintiffs.

33.     As a result of these willful FCRA violations, Defendant is liable to Plaintiffs and to each Class member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §

1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2) for each of the violations alleged herein, and for attorneys' fees and costs pursuant to §1681n and §1681o.

34.     Plaintiffs and Class members are entitled to equitable relief against Defendant requiring its compliance with the FCRA in all future instances and/or re-employment of Plaintiffs, and enjoining its future violations of the FCRA.

## CLASS ACTION ALLEGATIONS

35.     Plaintiffs bring this lawsuit individually and as a nationwide class action pursuant to Federal Rule of Civil Procedure 23, on behalf of a class defined as follows:

> All employment applicants of Walmart residing in the United States who, on or after May 24, 2010, suffered an adverse employment action based on information contained in consumer reports without receiving:  (a) a clear, conspicuous, and stand-alone disclosure and authorization prior to Walmart obtaining the background report from a CRA; (b) a pre-adverse action disclosure containing a copy of the applicant's consumer report obtained from the CRA and a description in writing of the applicant's rights under the FCRA; or (c) a pre-adverse action opportunity to dispute the accuracy of the reported information before any adverse action was taken (the "Class").

36.     Plaintiffs reserve the right to re-define the Class prior to class certification.

37.     The Class is so numerous that joinder of all members is impracticable.  Fed. R. Civ. P. 23(a)(1).  While the precise number of Class members is unknown at this time, upon information and belief, the proposed Class is comprised of thousands of members.  The precise number of Class members is known by Defendant and may be ascertained through its human resource records and files.

38.     Common questions of law and fact exist and predominate over issues affecting only individual Class members.  Fed. R. Civ. P. 23(a)(2).  Common questions of law and fact

include, for example:

    a.    Whether Walmart failed to provide Class members with a clear, conspicuous, and stand-alone disclosure and authorization in writing prior to obtaining the background report;

    b.    Whether Walmart failed to provide Class members with a pre-adverse action disclosure containing a copy of the applicant's consumer report that Walmart obtained from the CRA and a description in writing of the applicant's rights under the FCRA;

    c.    Whether Walmart failed to provide Class members with a pre-adverse action opportunity to dispute the accuracy of the reported information;

    d.    Whether Walmart's actions as described above constitute violations of the FCRA; and

    e.    Whether Plaintiffs and the Class are entitled to damages and the amount of such damages.

39.    Plaintiffs are members of the Class and their claims are typical of the claims of all Class members. Plaintiffs' interests in obtaining monetary relief for Walmart's FCRA violations are consistent with and are not antagonistic to those of any person within the Class. Fed. R. Civ. P. 23(a)(3).

40.    Plaintiffs will fairly and adequately protect the interests of the Class because their interests coincide with, and are not antagonistic to, the interests of the Class members they seek to represent. Plaintiffs have retained counsel competent and experienced in class action litigation, and Plaintiffs intend to prosecute this action vigorously. Fed. R. Civ. P. 23(a)(4). Plaintiffs and their Counsel are adequate representatives of the Class.

41.    Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3).

Absent a class action, the vast majority of Class members likely would not be in a position to litigate their claims individually and would have no effective remedy at law through which to vindicate their claims against Walmart and be made whole. Class treatment of predominating common questions of law and fact would also be superior to multiple individual actions, in that class treatment would conserve the resources of the Court and the litigants, and will further the efficient adjudication of Class member claims.

**CAUSES OF ACTION**

**COUNT ONE**
**WALMART'S VIOLATION OF THE FCRA, 15 U.S.C. § 1681b(b)(2)**

42.    Plaintiffs re-allege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

43.    Walmart has willfully failed to provide Plaintiffs and members of the Class, as required by 15 U.S.C. § 1681b(b)(2), with a clear, conspicuous, and stand-alone disclosure and authorization in writing prior to obtaining the background report.

44.    Walmart's willful violation of 15 U.S.C. § 1681b(b)(2) has caused damages to Plaintiffs and the Class for which Walmart is liable under 15 U.S.C. § 1681n.

45.    In the alternative to paragraph 43, Walmart negligently failed to provide Plaintiffs and the Class, as required by 15 U.S.C. § 1681b(b)(2), with a clear, conspicuous, and stand-alone disclosure and authorization in writing prior to obtaining the background report.

46.    In the alternative to paragraph 44, Walmart's negligent violation of 15 U.S.C. § 1681b(b)(2) has caused damages to Plaintiffs and the Class for which Walmart is liable under 15 U.S.C. § 1681o.

10

## COUNT TWO
## WALMART'S VIOLATION OF THE FCRA, 15 U.S.C. § 1681b(b)(3)

47.     Plaintiffs re-allege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

48.     Walmart has willfully failed to provide Plaintiffs and members of the Class, as required by 15 U.S.C. § 1681b(b)(3), with: (a) a pre-adverse action disclosure containing a copy of the consumer report and a description in writing of rights under the FCRA; and (b) a pre-adverse action opportunity to dispute the accuracy of the information contained in the consumer report.

49.     Walmart's willful violation of 15 U.S.C. § 1681b(b)(3) has caused damages to Plaintiffs and the Class for which Walmart is liable under 15 U.S.C. § 1681n.

50.     In the alternative to paragraph 48, Walmart negligently failed to provide Plaintiffs and members of the Class, as required by 15 U.S.C. § 1681b(b)(3), with: (a) a pre-adverse action disclosure containing a copy of the consumer report and a description in writing of rights under the FCRA; and (b) a pre-adverse action opportunity to dispute the accuracy of the information contained in the consumer report.

51.     In the alternative to paragraph 49, Walmart's negligent violation of 15 U.S.C. § 1681b(b)(3) has caused damages to Plaintiffs and the Class for which Walmart is liable under 15 U.S.C. § 1681o.

11

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

      a.    Certify this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of the proposed Class and designate Plaintiffs as the representatives of the Class and their counsel as counsel for the Class;

      b.    Award statutory and/or actual and punitive damages against Walmart to Plaintiffs and the Class as provided in 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

      c.    Award Plaintiffs and the Class their attorneys' fees and the costs of this action pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

      d.    Award Plaintiffs and the Class their costs pursuant to 28 U.S.C. § 1920;

      e.    Award pre-judgment and post-judgment interest at the maximum rate allowable by law; and

      f.    Grant all such additional relief as the Court deems appropriate.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all issues of fact.

Date:  May 24, 2012               Respectfully submitted,

                           */s/ Barry A. Knopf*
                           BARRY A. KNOPF
COHN LIFLAND PEARLMAN
 HERRMANN & KNOPF LLP
Park 80 Plaza West-One
250 Pehle Ave., Suite 401
Saddle Brook, NJ 07663
201-845-9600
bak@njlawfirm.com

CAROLYN H. COTTRELL
Schneider Wallace
Cottrell Brayton Konecky LLP
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Tel: 415-421-7100
ccottrell@schneiderwallace.com

BARRY A. KNOPF
ANDREW R. MACKLIN
**COHN LIFLAND PEARLMAN**
 **HERRMANN & KNOPF LLP**
Park 80 Plaza West-One
250 Pehle Ave., Suite 401
Saddle Brook, NJ 07663
bak@njlawfirm.com
arm@njlawfirm.com
*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JERRY LANDRY and JOEY HAYNES, individually and on behalf of all persons similarly situated, | : : : | Civil Action No.: |
| | : | CLASS ACTION COMPLAINT |
| Plaintiffs, | : : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| WAL-MART STORES, INC., | : | CERTIFICATION PURSUANT TO L. CIV. R. 201.1 |
| Defendant. | : : : | |

 

 

Barry A. Knopf, of full age, certifies that pursuant to L. Civ. R. 201.1 the within matter is not arbitrable, being that the Complaint seeks damages that are in an excess of $150,000.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on this 24th day of May, 2012.


*s/ Barry A. Knopf*
BARRY A. KNOPF

BARRY A. KNOPF
ANDREW R. MACKLIN
**COHN LIFLAND PEARLMAN**
 **HERRMANN & KNOPF LLP**
Park 80 Plaza West-One
250 Pehle Ave., Suite 401
Saddle Brook, NJ 07663
bak@njlawfirm.com
arm@njlawfirm.com
*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JERRY LANDRY and JOEY HAYNES, individually and on behalf of all persons similarly situated, | : : : | Civil Action No.: |
| | : | CLASS ACTION COMPLAINT |
| Plaintiffs, | : | |
| v. | : : | JURY TRIAL DEMANDED |
| WAL-MART STORES, INC., | : : | CERTIFICATION PURSUANT TO L. CIV. R. 11.2 |
| Defendant. | : : | |

I certify that to the best of my knowledge, the matter in controversy is not currently the subject of one other action pending in this court.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on this 24th day of May, 2012.

*s/ Barry A. Knopf*
BARRY A. KNOPF