UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **JERRY LANDRY** :<br>  **Plaintiff** :<br> :<br> v. :<br> :<br>**WAL-MART STORES, INC.** :<br> :<br>  **Defendant** :<br> : | Civil Action No. 12-3113(KM)<br><br>**PRETRIAL SCHEDULING ORDER** |

**THIS MATTER** having come before the Court for a scheduling conference on the record pursuant to Rule 16 of the Federal Rules of Civil Procedure on October 19, 2012; and for the reasons discussed on the record; and for good cause shown,

**IT IS** on this <u>19th</u> day of <u>October</u>, 2012

**ORDERED THAT**:

(a) No later than **November 30, 2012**, defendant Walmart shall notify plaintiffs of the discovery defendant Walmart produced in the <u>Beverly</u> case that it will make available for inspection;

(b) The plaintiff's request to exceed the 25 interrogatory limit is denied;

(c) The request to bifurcate discovery is denied.

**IT IS FURTHER ORDERED THAT:**

### I. COURT DATES

1. There shall be telephone status conferences before the Undersigned on **January 23, 2013 at 12:00 p.m., March 27, 2013 at 12:00 p.m., and May 15, 2013 at 12:00 p.m.** Plaintiff shall initiate the telephone calls.

2. a. There will be a settlement conference before the Undersigned on **TO BE SET.**

    b. Trial counsel and clients with full settlement authority are required to appear at the conference and they shall confirm their availability to appear on the date of the conference by filing a letter no later than **TO BE SET**. Absent exceptional, unforeseen personal circumstances, the confirmed settlement conference will not be adjourned.

     c.  If the trial counsel **and** client with full settlement authority do not appear, the settlement conference may be cancelled or rescheduled and the noncompliant party and/or attorney may be sanctioned, which may include an assessment of the costs and expenses incurred by those parties who appeared as directed.

  3. The final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **January 21, 2014 at 10:00 a.m.**  The Final Pretrial Conference will occur even if there are dispositive motions pending.  The Court will adjourn the Final Pretrial conference <u>only</u> if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

## II.  DISCOVERY AND MOTION PRACTICE

  4. a.  Fed. R. Civ. P. 26 disclosures are to be exchanged on or before **completed.**

   b.  The defendant shall produce the named plaintiffs' applications and letters from the consumer reporting agency no later than **November 16, 2012.**

   c.  No later than **November 12, 2012**, the parties shall submit a proposed discovery confidentiality order and certification as required by Local Civ. R. 5.3[1].

   d.  The plaintiffs personal identifiers shall be used for the purposes of this litigation only, unless otherwise designated under the Discovery Confidentiality Order.

  5. Discovery necessary to engage in meaningful settlement discussions: <u>Named plaintiff's applications and letters from the consumer reporting agencies</u> and will be produced by **November 16, 2012**.

  6. The parties may serve interrogatories limited to **25** single questions including subparts and requests for production of documents on or before **December 10, 2012,** which shall be responded to no later than **January 18, 2013.**

  7. Absent agreement of counsel or order of the Court, the number of depositions to be taken by each side shall not exceed **10.**  No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege.  <u>See</u> Fed. R. Civ. P. 32(d) (3) (A).  No instruction not to answer shall be given unless a privilege is implicated.  The depositions are to be completed no later than **June 21, 2013.**

  8. Fact discovery is to remain open through **June 21, 2013.**  No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

  9. Counsel shall confer in-person or via telephone in a good faith attempt to informally resolve any and all discovery disputes <u>before</u> seeking the Court's intervention.  Should such informal effort fail to resolve the dispute, the matter shall be brought to the Court's attention via a joint letter that

---

[1] If a party seeks to file under seal information submitted in connection with a request for non-discovery relief, then the party shall: (1) consult Local Civ. R. 5.3 and (2) contact the Chambers of the Undersigned for instructions regarding the format for presenting such a motion.

sets forth: (a) the request, (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believes the response is sufficient. No further submissions regarding the dispute may be submitted without leave of Court. If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

No discovery motion or motion for sanctions for failure to provide discovery shall be filed before utilizing the procedures set forth in these paragraphs without prior leave of Court.

Any unresolved discovery disputes (other than those that arise during depositions) must be brought before the Court no later than **March 4, 2013 at 3:00 p.m.** The Court will not entertain applications concerning discovery matters, informally or otherwise, after this date. If an unresolved dispute arises at a deposition, then the parties shall contact the Chambers of the Undersigned for assistance during the deposition. Failure to seek court-intervention during depositions for deposition disputes shall constitute a waiver of the right to seek relief.

10.  a. Any consent order or motion to amend pleadings concerning the class period must be filed by **November 9, 2012**.

b. Any motion to amend pleadings or join parties must be filed by **February 19, 2013**.

11.  a. Class certification motion must be filed no later than **July 23, 2013** and must be comply with Local Rule 7.1. Any responses shall be submitted no later than **August 12, 2013** and any replies shall be submitted no later than **September 9, 2013.** The return date shall be **September 16, 2013** before the Kevin McNulty. His Honor's chambers will advise the parties if oral argument will be required.

b. Any and all dispositive motions must be filed no later than **October 25, 2013.** No pretrial dispositive motions will be entertained after that date. Any responses shall be submitted no later than **November 4, 2013** and any replies shall be submitted no later than **November 12, 2013.** All motions must comply with Local Rule 7.1. In addition, all summary judgment submissions must comply with L. Civ. R. 56.1. The return date shall be **November 18, 2013** before the Hon. Kevin McNulty. His Honor's chambers will advise the parties if oral argument will be required.

### III.  EXPERTS

12.  a. The plaintiffs shall identify their class experts and the subject about which they will testify by **March 15, 2013.**

b. All class affirmative expert reports shall be delivered by **March 29, 2013.**

c. All class responsive expert reports shall be delivered by **April 29, 2013**.

d. All rebuttal class expert reports shall be delivered by **May 17, 2013.**

e. Class expert depositions shall be completed no later than **June 14, 2013.**

13. a. The plaintiffs shall identify their merits experts and the subject about which they will testify no later than **June 28, 2013.**

  b. All affirmative merits expert reports shall be delivered by **July 12, 2013.**

  c. All responsive merits expert reports shall be delivered by **August 16, 2013.**

  d. All rebuttal merits expert reports shall be delivered by **September 9, 2013.**

  e. Merits expert depositions shall be completed by **October 1, 2013.**

14. All expert reports are to be in the form and content as required by Fed. R. Civ. P. 26(a)(2)(B). No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the experts report.

### IV. FINAL PRETRIAL CONFERENCE

15. The final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **January 21, 2014 at 10:00 a.m.** The final pretrial conference will occur even if dispositive motions are pending. The Court will adjourn the Final Pretrial conference <u>only</u> if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

16. <u>Not later than **20 working days** before the pretrial conference, the parties shall exchange copies of all proposed trial exhibits. Each exhibit shall be pre-marked with an exhibit number conforming to the party's exhibit list.</u>

17. All counsel are directed to assemble at the office of Plaintiff's counsel not later than **ten (10) days** before the pretrial conference to prepare the proposed Joint Final Pretrial Order in the form and content required by the Court. Plaintiff's counsel shall prepare the Joint Pretrial Order and shall submit it to all other counsel for approval and execution.

18. With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any hypothetical questions to be put to an expert witness on direct examination.

19. The original of the Final Pretrial Order shall be delivered to the CHAMBERS of the Undersigned no later than **January 14, 2014 at 3:00 p.m.** All counsel are responsible for the timely submission of the Pretrial Order.

20. The Court expects to engage in meaningful settlement discussions at the final pretrial conference. Therefore, trial counsel who actually has full settlement authority must attend the conference and clients or other persons with full settlement authority must be available by telephone.

### V. MISCELLANEOUS

21. The Court may from time to time schedule conferences as may be required, either <u>sua sponte</u> or at the request of a party.

22. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with

consent of all counsel.  Any request to extend any deadline or to adjourn a court event shall be made no later than three days before the scheduled date and shall reflect: (1) the good cause the requesting party believes supports the extension or adjournment and (2) whether or not all parties consent to the request.  Absent unforeseen emergent circumstances, the Court will not entertain requests to extend deadlines that have passed as of the date of the request.

23.  A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action.  Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

24.  Absent permission from Chambers, communications to the Court by facsimile will not be accepted.  All communications to the Court shall be in writing or by telephone conference.

25.  **FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN SANCTIONS.**

                                                 s/Patty Shwartz
                                               **UNITED STATES MAGISTRATE JUDGE**